Timothy M. Bechtold
Bechtold Law Firm, P.L.L.C.
PO Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| STEPHANIE DANIEL, on behalf of herself and all others similarly situated, | ) CV<br>)<br>) **COMPLAINT AND JURY DEMAND** |
| Plaintiff, | ) |
| vs. | )<br>) |
| VANTIV, INC. and NATIONAL PARK SERVICE, | )<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff Stephanie Daniel alleges as follows:

1.  In 2003 Congress passed the Fair and Accurate Credit Transactions Act (FACTA) as an amendment to the Fair Credit Reporting Act (FCRA), which is

codified at 15 USC §1681 et seq.

2. FACTA prohibits credit card merchants from displaying full credit card numbers or expiration dates of credit and debit cards on credit and debit card receipts. 15 USC §1581c(g)(1).

3. In May of 2015, Plaintiff Daniel purchased an entrance pass to Yellowstone National Park with a personal credit card at the North Entrance to the park.

4. The credit card receipt from the purchase, attached to this Complaint as Exhibit 1 with some redactions, includes the expiration date of her credit card, in violation of FACTA.

5. Approximately two months after this credit card transaction, Plaintiff Daniel's personal credit card was used fraudulently and she suffered damages from the stolen identity.

6. The US National Park System had over 300 million visitors in 2015, including over 15 million overnight stays.

7. Based on information and belief, Vantiv, Inc. (Vantiv) is the credit card processing agent for the United States Department of Interior National Park Service.

8. Vantiv and the National Park Service either knew or should have known that point of sale terminals can be programmed to print out more card information on receipts than permitted under FACTA, given the hundreds of lawsuits filed against violating merchants, including such well known large retailers as J. Crew, RadioShack, and Shoe Carnival.

9. Vantiv and the National Park Service have been reckless for not auditing the point of sale terminals' receipts, leading to perhaps millions of receipts printed that violate FACTA.

10. Based on information and belief, at all times relevant to this lawsuit, Vantiv and the National Park Service processed charges from VISA, MasterCard, American Express, Discover, JCB, and Diners Club.

11. Based on information and belief, at all times relevant to this lawsuit, Vantiv's merchant bank agreement required Vantiv to comply with VISA's and MasterCard's rules and regulations, and that it was the responsibility of Vantiv to periodically read and review VISA's and MasterCard's rules and regulations and be in compliance with these rules and regulations.

12. VISA, MasterCard, American Express, and Discover provide annual updated

rules and regulations to Vantiv. These rules and regulations place Vantiv on actual notice that its conduct alleged here was prohibited, and American Express and Discover would have notified Vantiv directly that the conduct Plaintiff Daniel alleges here would be a violation of FACTA's truncation requirements.

13. The August 12, 2006, edition of *Rules for VISA Merchants*, at 62, which is distributed to and binding upon all merchants that accept VISA cards, expressly requires that only the last four digits of an account number should be printed on the customer's copy of the receipt and the expiration date should not appear at all. *Rules for VISA Merchants* also provides a picture of a receipt showing precisely what must not appear on receipts. VISA required complete compliance by July 1, 2006, five months ahead of FACTA's statutory deadline.

14. The February 2012 version of MasterCard's Security Rules and Procedures for merchants provides, in part, that all electronically printed receipts, "must reflect only the last four (4) digits" of a customer's card account number.

15. The credit card companies informed merchants and businesses that sell cash registers and other devices for the processing of credit or debit card payments about FACTA, including FACTA's specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and the need for compliance with FACTA.

16. Based on information and belief, the contracts between Vantiv and Discover and American Express require compliance with FACTA.

17. Based on information and belief, when it obtained the right to accept credit and debit cards, Vantiv contractually agreed to abide by the Payment Card Industry Security Standards and the card issuing regulations, including the requirement to review receipts periodically for compliance, including reviewing whether point of sale terminals were printing too much card information.

18. Truncation standards, including the standards reflected in the VISA Merchant Rules and in FACTA, permit the publication of only the last four or five digits of customer account numbers on the receipt presented to customers at the point of sale. The publication of this minimal amount of

account information is necessary to facilitate merchant account reconciliation and processing of returns. In isolation, the publication of ***only*** the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

19. Most of Vantiv's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Vantiv could have done the same and could have ensured that no violation would have occurred by conducting regular audits.

20. FACTA's account number truncation requirements are ubiquitous in the world of retailing.

21. Vantiv and the National Park Service use one or more cash registers and/or other machines or devices that electronically print receipts for all credit card and debit card transactions that occur at the point of sale.

22. Vantiv and the National Park Service point of sale terminals are

programmed to print information that Vantiv and the National Park Service have delineated.

23. On May 25, 2015 at 12:02 PM, Plaintiff Daniel used her VISA debit card to make a purchase in Yellowstone National Park that was processed by Vantiv and the National Park Service. Plaintiff Daniel was provided an electronically printed receipt at the point of sale that included the expiration date of her card. See Exhibit 1.

24. The printing of the expiration date was caused by a tag field, which is an instruction code in the point of sale terminal's software that is programmed to obtain information from the debit or credit card's magnetic strip or chip and display that information in a specified field.

25. Vantiv and the National Park Service's point of sale terminal contained a code for it to obtain the expiration date of each cardholder's debit or credit card and print that number on a specified place on the receipt.

26. The point of sale(s) terminal must be intentionally programmed to print an expiration date on a receipt.

**JURISDICTION AND VENUE**

27. Jurisdiction is proper in this Court because Plaintiff Daniel seeks to enforce FACTA, and Plaintiff seeks damages and injunctive relief for a nationwide class of persons that implicates the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711–1715. Venue is proper in the United States District Court for the District of Montana pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a) because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction, and venue is proper in this division because the credit card transaction at issue in this lawsuit took place in this division.

**PARTIES**

21. Plaintiff Stephanie Daniel is a resident of Gallatin County, Montana, and citizen of the State of Montana.

22. Defendant Vantiv, Inc. is a Delaware corporation with its principal place of business located at 8500 Governors Hill Drive, Symmes Township, Ohio, 45249. At all times relevant to this lawsuit, Vantiv processed credit card transactions for the US Department of the Interior National Park Service throughout the National Park System and hundreds of thousands of other

merchant locations. According to Vantiv's promotional material, it processes over 20 billion credit card transactions annually.

23. Defendant National Park Service is an agency of the United States Department of Interior.

## CLAIMS

## FACTA VIOLATION

24. All paragraphs of this Complaint are included here by reference.

25. Plaintiff Daniel, for herself and all members of the class she seeks to represent, alleges that Vantiv and the National Park Service have violated FACTA by printing expiration dates on credit and debit card receipts.

26. Vantiv and the National Park Service did not comply with FACTA, which provides that "… no person that accepts credit cards or debit cards for more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. §1681c(g)(1).

27. 15 U.S.C. §1681c(g)(1) cannot be reasonably read to permit the printing of

the expiration date of the card number in addition to the last four digits.

28. Vantiv and the National Park Service had received notice of 15 U.S.C. §1681c(g)(1)'s requirements, and was contractually bound not to print more than five digits of the card number.

29. At all times relevant to this lawsuit, Vantiv and the National Park Service knew the requirements of 15 U.S.C. §1681c(g)(1). Vantiv and the National Park Service either knowingly violated 15 U.S.C. §1681c(g)(1) or alternatively, recklessly failed to take necessary steps to prevent 15 U.S.C. §1681c(g)(1) from being violated.

30. Based on information and belief, Vantiv and the National Park Service violated 15 U.S.C. §1681c(g)(1) thousands of times each day.

31. Vantiv's and the National Park Service's conduct complained of here was reckless and displayed a wanton disregard of the law, thereby committing a willful violation of 15 U.S.C. §1681c(g)(1).

**INJUNCTIVE RELIEF**

32. Plaintiff seeks injunctive relief to require Vantiv and the National Park Service to comply with FACTA.

33. A preliminary injunction will further the public interest as expressed by FACTA. The law is in place to prevent identity theft.

## CLASS CERTIFICATION

34. Plaintiff seeks certification of a class of consumers who made credit card purchases processed by Vantiv and the National Park Service who were provided a receipt that included more than five of the credit or debit card numbers or included the expiration date of the credit or debit card.

35. The class is so numerous that joinder of all members is impracticable. Millions of consumers purchased goods and services with credit or debit card transactions processed by Vantiv and the National Park Service.

36. There are questions of law or fact common to the class, including whether Vantiv and the National Park Service violated FACTA's truncation requirements, and whether Vantiv's and the National Park Service's violation of FACTA was willful and/or reckless.

37. The claims of the representative Plaintiff are typical of the claims of the class; all seek damages from Vantiv's and the National Park Service's statutory violation of FACTA.

38. The representative Plaintiff and her attorneys will fairly and adequately represent the class.

39. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible and the class members may not be aware that their rights have been violated.

40. The class is readily discernable because Defendants can provide duplicates of the receipts they provided to consumers.

41. Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

**WHEREFORE**, Plaintiff, for herself and all other similarly situated, demands judgment against Vantiv and the National Park Service as follows:

1. For a preliminary injunction to prevent any further violations of FACTA by, inter alia, including expiration dates on credit and debit card receipts processed by Vantiv and the National Park Service;

2. For an award of statutory and other damages in an amount to be determined at trial;

3. For punitive and exemplary damages;

2. For an award of attorney's fees and costs as provided by any applicable provision of law.

3. For such other and further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED this 1st day of March, 2016.

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

ATTORNEYS FOR PLAINTIFFS

# Exhibit 1

281



```
      Yellowstone
     National Park
    NON-TRANSFERABLE

12:02PM       May 25/15
01-0001 002     RICHES
#35302


PASS S/N:    150525336
C-Ann. Pass    $50.00
PASS S/N:    150525337
C-Ann. Pass    $50.00

CARD #
       ************4646
EXPIRY (MMYY)
APR#          C 436792
REF#         78498779
SEQ#               57


Visa          $100.00

   Keep Your Receipt
      VALID THRU
      May 31/15
```