IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
AUG 17 2016
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| STEPHANIE DANIEL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL PARK SERVICE and DOES 1-10,<br><br>Defendants. | CV 16-18-BLG-SPW<br><br>OPINION and ORDER |

Plaintiff Stephanie Daniel brought this action against the National Park Service ("Park Service") under the Fair and Accurate Credit Transaction Act ("FACTA"), which amended the Fair Credit Reporting Act ("FCRA").[1] The Park Service moves to dismiss the action and argues that the FCRA does not contain a clear and unequivocal waiver of sovereign immunity. The Park Service also argues that Daniel does not plead a cognizable claim under the FCRA.[2] The Court agrees that the FCRA does not contain an unequivocal waiver of sovereign immunity and grants the Park Service's motion.

---

[1] For simplicity, the Court will only refer to the FCRA, even for those portions amended by the FACTA.
[2] The Park Service also initially raised an argument regarding Daniel's standing to bring the claim, but noted in its reply brief that the question would be best addressed in a summary judgment motion.

1

## I. Background

The following facts are taken from Daniel's Third Amended Complaint and are presumed true. In May 2015, Daniel purchased an entrance pass to Yellowstone National Park with her debit card. The debit card receipt contained the month and year of her card's expiration date. Sometime after the transaction, Daniel's debit card was fraudulently used, and Daniel suffered damages from the stolen identity. Daniel claims that the identity fraud was caused in part by the inclusion of the expiration date on her debit card receipt from the Park Service.

Daniel brought this action and alleges that the Park Service violated FCRA by printing her card's expiration date on the receipt. Daniel seeks class certification of a class of consumers that made credit or debit card purchases from the Park Service and had their expiration dates included on the receipts. Daniel claims that over 300 million people visited national parks in 2015. The parties agree that the Park Service is a government agency. The Park Service moves to dismiss Daniel's Third Amended Complaint under Fed. R. Civ. P. 12(b)(1) and (6).

## II. Legal Standard

Rule 12(b)(1) allows a party to move for the dismissal of a case for "lack of subject-matter jurisdiction." A motion under Rule 12(b)(1) should be granted if the Complaint fails to allege facts that establish subject matter jurisdiction. *Bruton v. Gerber Products Co.*, 961 F. Supp. 2d 1062, 1075 (N.D. Cal. 2013). "The party

2

asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). While the material facts alleged in the complaint are presumed true, parties may present additional evidence related to the Court's subject matter jurisdiction. *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1040 n. 1 and 2 (9th Cir. 2003).

Rule 12(b)(6) requires a complaint to be dismissed if it fails "to state a claim upon which relief can be granted." "Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). While all factual allegations are presumed true, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Sovereign Immunity

The Park Service argues that this Court lacks subject matter jurisdiction as there is no clear and unambiguous waiver of sovereign immunity in the FCRA. Citing a series of district court decisions, the Park Service contends that government agencies are not a "person" that can be held liable under the FCRA. The Park Service also posits that legislative history shows that Congress never

intended for government agencies to be held liable under the FCRA. Daniel counters that Congress waived sovereign immunity by specifically including government agencies in the statutory definition of "person." Daniel relies upon a decision by the Seventh Circuit Court of Appeals. The Court agrees with the Park Service.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A waiver of sovereign immunity "must be unequivocally expressed in statutory text…and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). Ambiguities are construed in favor of immunity. *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1448 (2012) (internal citation omitted). "Ambiguity exists if there is a plausible interpretation of the statute that would not authorize money damages against the Government." *Id.* Plaintiffs bear the burden of demonstrating an unequivocal waiver. *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986).

Daniel alleges that the Park Service violated the FCRA by printing her card's expiration date on the receipt. Relevant to Daniel's claim, the FCRA provides that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1). A "person" is defined as "any individual, partnership, corporation, trust, estate, cooperative, association, *government or governmental subdivision or agency*, or other entity." 15 U.S.C. § 1681a(b) (emphasis added). A person who willfully fails to comply is liable for automatic statutory damages and possible punitive damages. 15 U.S.C. § 1681n(a)(2). Only actual damages are recoverable in cases of negligent noncompliance. 15 U.S.C. § 1681o. In addition to civil suits instituted by consumers, the Federal Trade Commission and state governments can bring enforcement actions under the FCRA. 15 U.S.C. § 1681s.

Neither the Supreme Court nor the Ninth Circuit Court of Appeals has addressed whether the FCRA contains a waiver of sovereign immunity. There is a split of persuasive authority on the subject. A number of district courts in this Circuit have determined that the FCRA does not contain an unequivocal waiver of sovereign immunity. For example, the Northern District of California reasoned that "most other federal statutes that have unequivocally waived sovereign immunity have done so in much clearer terms than [the FCRA]." *Echols v. Morpho Detection, Inc.*, 2013 WL 752629, at *5 (N.D. Cal. Feb. 27, 2013). This perceived lack of clarity led the court to hold that FCRA did not waive sovereign immunity for the federal government. *Id.* The District of Arizona also held that the FCRA does not contain a waiver of sovereign immunity, as the plaintiff did "not allege that any federal defendant is a credit reporting agency for purposes of the FCRA"

5

or point to any other applicable waivers. *Taylor v. United States*, 2011 WL 1843286, at *5 (D. Ariz. May 16, 2011). In a case where a *pro se* plaintiff apparently failed to argue sovereign immunity, the Central District of California held that the plaintiff failed to meet "his burden of establishing that the otherwise-applicable sovereign immunity doctrine does not bar him from bringing his present claim against the Commissioner [of Social Security] under [the FCRA]." *Kenney v. Barnhart*, 2006 WL 2092607, at *9 (C.D. Cal. July 26, 2006).

*Echols*, *Taylor*, and *Kenney* do not reference the explicit inclusion of government agencies in the definition of "person" at § 1681a(b) or the subsequent use of "person" throughout the FCRA. In *Al-Malik v. U.S. Dep't of Educ.*, the Northern District of California noted that there was a disagreement among courts on whether the definition of "person" in the FCRA constitutes an unequivocal waiver of sovereign immunity. 2011 WL 3809866, at *3 (N.D. Cal. Aug. 29, 2011). While the *pro se* plaintiff did not show facts that would establish subject matter jurisdiction, the *Al-Malik* court stated that "the fact that this particular plaintiff failed to show that sovereign immunity has been waived under the FCRA does not foreclose the possibility that some other plaintiff might succeed in doing so in the future." *Id.*

District courts from other circuits have also held that the FCRA does not contain an unequivocal waiver of sovereign immunity. The Western District of

Arkansas found the argument that the FCRA's definition of "person" waives sovereign immunity to be "unconvincing." *Gillert v. U.S. Dep't of Educ.*, 2010 WL 3582945, at *3 (W.D. Ark. Sept. 7, 2010). The court found that no provision of FCRA, even the use of the defined term "person," constituted an express waiver. *Id.* In a separate case where a *pro se* plaintiff failed to respond to a motion to dismiss, the District of Colorado relied upon *Kenney* to summarily conclude that the United States has not waived its sovereign immunity under the FCRA. *Ralph v. U.S. Air Force MGIB*, 2007 WL 3232593, at *3 (D. Colo. Oct. 31, 2007). Finally, the District of Minnesota provided seven reasons why it believed the government's inclusion in the definition of "person" in the FCRA did not constitute an unequivocal waiver of sovereign immunity. *Stellick v. U.S. Dep't of Educ.*, 2013 WL 673856, at *3 (D. Minn. Feb. 25, 2013). The *Stellick* court noted that the FCRA permits the imposition of punitive damages and criminal liability in cases of willful FCRA violations, and it concluded that it was unlikely that Congress would have been willing to expose government entities to punitive damages and criminal penalties. *Id.* at *4. The *Stellick* court also noted that "the United States government is one of the world's largest creditors" and that the "consequences of holding that the federal government can be held liable for any violation of the FCRA would be immense." *Id.* Given the potential consequences, "it is particularly important to insist that Congress waive sovereign immunity expressly

7

and clearly." *Id.* Finally, *Stellick* noted that the majority of district courts have concluded that the FCRA did not waive sovereign immunity and cited the cases referenced above. *Id.*

In contrast to the above-cited district court opinions, in 2014 the Seventh Circuit Court of Appeals concluded that the FCRA waived the government's sovereign immunity. *Bormes v. United States*, 759 F.3d 793 (7th Cir. 2014). In *Bormes*, the plaintiff sued the government under the FCRA after a government website emailed him a receipt containing his card's expiration date. *Id.* at 795. On remand from the Supreme Court, the Seventh Circuit became the first appellate court to consider whether the FCRA authorizes suits against the government. *Id.*

The Seventh Circuit concluded that the plain language of the FCRA constituted an unequivocal waiver of sovereign immunity. *Id.* at 797. In reaching that conclusion, the Seventh Circuit noted that government agencies are specifically included in the definition of "person" found at 15 U.S.C. § 1681a(b). *Id.* at 795. The same term – "person" – is used in both the FCRA's substantive requirements and in the damages provisions. *Id.* Seventh Circuit determined that there is no basis to distinguish a "person" for purpose of duties under the FCRA and a "person" for the purpose of remedies. *Id.*

The Seventh Circuit considered the legislative history of the FCRA. *Id.* While acknowledging the absence of any discussion of sovereign immunity, the

8

Seventh Circuit noted that Congress used plain language when it included the government under the definition of "person" and used the term "person" under the FCRA's substantive and remedial provisions. *Id.* at 795-96. Further explanation of a clearly defined term was unnecessary; "Congress need not add 'we really mean it!' to make statutes effectual." *Id.* at 796. The Seventh Circuit pointed out that unequivocal waivers of sovereign immunity are found in a statute's plain language, not in committee reports. *Id.*

The Seventh Circuit also addressed the argument that Congress had not intended to expose the government to potential punitive damages and criminal liability. *Id.* While the government has traditionally limited its liability as to punitive damages, nothing prevents Congress from authorizing it. *Id.* If using the defined term of "person" in the remedial portions of the FCRA exposes the government to excessive liability, "then the solution is an amendment, not judicial rewriting of a pellucid definitional clause." *Id.* Further, the Seventh Circuit did not find the possibility that a government official could be subject to criminal prosecution for willful violations of the FCRA "so outlandish" as to ignore the plain definition of "person." *Id.*

Finally, the Seventh Circuit acknowledged that the FCRA's definition of "person" treats states and the federal government identically. *Id.* The Seventh Circuit noted that while state sovereign immunity prohibits the federal government

from exposing states to private litigation, the federal government has the authority to enforce the FCRA against the states and collect damages. *Id.* Further, "federal statutes can apply to the national government even if principles of sovereign immunity prevent awards of damages against the states." *Id.* at 797.

The Western District of Kentucky relied on *Bormes* as persuasive authority and found that the FCRA contained an unequivocal waiver of sovereign immunity. *Mooneyham v. Equifax Info. Servs., LLC*, 99 F. Supp. 3d 720, 725 (W.D. Ky. 2015). The *Mooneyham* court found that Congress plainly intended for the government to be held to the standards of other entities when it included government agencies under the FCRA's definition of "person." *Id.*

After reviewing these authorities, the Court believes that the district court opinions from this circuit are more persuasive than *Bormes* and finds that the FCRA does not contain an unequivocal waiver of sovereign immunity. The FCRA is ambiguous as to whether plaintiffs can recover damages against government entities, as federal statutes typically waive sovereign immunity in clearer terms. *Echols*, 2013 WL 752629, at *5. For example, the Federal Torts Claims Act specifically authorizes "claims against the United States, for money damages" for injuries "caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). Including the phrases "government" or

"governmental agency" in the FCRA's definition of "person" is not as unequivocal as specifically mentioning the United States in the remedial provisions.

The ambiguity is further demonstrated by the express waiver of sovereign immunity found later in the FCRA. *Echols*, 2013 WL 752629, at *5. A separate section of the FCRA provides the requirements of disclosures to the Federal Bureau of Investigation for counterintelligence purposes. 15 U.S.C. § 1681u. The section provides that "[a]ny agency or department of the United States obtaining or disclosing any consumer reports, records, or information contained therein in violation of this section is liable to the consumer..." 15 U.S.C. § 1681u(j). The fact that Congress explicitly named the United States in the remedial provisions found at § 1681u(j) but not in the remedial provisions found at §§ 1681n and 1681o demonstrates the equivocal nature of any purported waiver of sovereign immunity.

Further, the inclusion of the United States into every instance of the use of the term "person" would open government agencies to criminal liability. For example, the literal reading proposed by Daniel would allow the Federal Trade Commission or a state regulatory agency to initiate an action against the Park Service pursuant to § 1681s. This potential result would be "patently absurd." *United States v. Singleton*, 165 F.3d 1297, 1300 (10th Cir. 1999). The potential for criminal liability did not trouble the Seventh Circuit, as the prosecution of a federal

11

employee who deliberately violates the FCRA "is not so outlandish." *Bormes*, 759 F.3d at 796. "However, imposing criminal penalties against an office for actions of the officeholder is a different ball game." *Al-Haramain Islamic Found., Inc. v. Obama*, 705 F.3d 845, 854 (9th Cir. 2012). It is not the prosecution of an individual government employee that is worrisome, but rather the potential "unprecedented" prosecution of an entire government agency. *Id.*; *Stellick*, 2013 WL 673856, at *4. It is unlikely that Congress intended such consequences when it included government agencies under the definition of "person."

## V. Conclusion

The Court finds that including the United States as a "person" every time the term is used in the FCRA would lead to inconsistent usage and potentially absurd results. Given these findings, the Court concludes that Congress did not "speak unequivocally" in waiving the government's sovereign immunity in the FCRA. *Cooper*, 132 S. Ct. at 1453. Pursuant to Rule 12(b)(1), the Court must dismiss this action for lack of subject matter jurisdiction. The Court does not reach the Park Service's argument under Rule 12(b)(6) that Daniel has not pled sufficient facts to maintain an action under § 1681c(g)(1).

Accordingly, IT IS HEREBY ORDERED that the Park Service's Motion to Dismiss Third Amended Complaint (Doc. 33) is GRANTED. The Clerk of Court shall enter judgment and close this case.

DATED this 16th day of August, 2016.

                                                     /s/ Susan P. Watters
                                                   SUSAN P. WATTERS
                                                   United States District Judge